UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


COLBY ISTRE                                              CIVIL ACTION

VERSUS                                                   NO. 12-2054

MONTCO OFFSHORE, INC., ET AL                             SECTION "H" (3)


**ORDER AND REASONS**

Before the Court is Schneider Electric USA, Inc.'s ("SEUSA") Motion to Dismiss for Failure to State a Claim (Doc. 63).  For the following reasons, the Motion is GRANTED.  The Third Party Demand against SEUSA is DISMISSED WITHOUT PREJUDICE, and Third Party Plaintiffs UMOE Schat-Harding, Inc. and UMOE Schat-Harding of Brazil,LLC (collectively "Schat-Harding') are given thirty days from the entry of this Order to amend the Third Party Demand.

1

**BACKGROUND**

Plaintiff, Colby Istre, filed this action asserting claims under the Jones Act as well as the general maritime law. Plaintiff was allegedly injured during the course and scope of his employment with Defendant, Montco while serving as a seaman aboard the vessel M/V LB PAUL. On the date of the alleged accident, Plaintiff and several other crew members left the vessel in a small rescue boat. When they returned to the vessel, the LB PAUL attempted to hoist the boat up to the main deck of the vessel when the line on the winch system allegedly snapped, causing the boat and Plaintiff to fall back to the water. The boat allegedly fell on top of Plaintiff, causing serious injury.

Montco answered Plaintiff's complaint and asserted a third party demand against Schat-Harding. Montco alleges that it contracted with Schat-Harding for the installation of the winch system which allegedly failed on the date of the accident. Plaintiff then amended his complaint to assert a products liability claim directly against Schat-Harding. In response, Schat-Harding filed the third party demand at issue in the instant Motion. Schat-Harding alleges that the winch system failed because of a defective switch. Schat-Harding alleges that the "Telemecanique" brand switch was manufactured by Schneider Electric, SA, a french corporation. Schat-Harding's third party demand also names SEUSA (the American distributor of Schneider Electric products) as a third party defendant. SEUSA filed the instant Motion arguing that Schat-Harding's third party demand fails to state a claim.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**LAW AND ANALYSIS**

The Supreme Court has recognized products liability as part of the general maritime law. *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865 (1986). "The general maritime

law is an amalgam of traditional common-law rules, modifications of those rules, and newly created rules." *Id.* (citations omitted). In developing this law, courts have consulted state law as well as the Restatement of Torts. *Vickers v. Chiles Drilling Co.*, 822 F.3d 535, 538 (5th Cir. 1987) (citations omitted). Thus, the threshold issue before the Court is whether state law or the Restatement applies to this maritime products liability action. The Fifth Circuit has not definitely addressed this issue. *See Hebert v. Outboard Marine Corp.*, 638 F. Supp. 1166, 1170 (E.D. La. 1986 (recognizing lack of guidance). Numerous courts, however, have embraced Section 402A of the Restatement (Second) of Torts as the "best expression" of the law of products liability under the general maritime law. *Ocean Barge Transp. Co. v. Hess Oil Virgin Islands Corp.*, 726 F.2d 121, 123 (3d Cir. 1984) (collecting cases); *see also Hebert*, 638 F. Supp. at 1170 (same); 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 5–7 (5th ed. 2012) ("The applicable substantive law of products liability in admiralty is Section 402a of the Restatement (Second) of Torts."). Indeed, both the Supreme Court and the Fifth Circuit have applied the Restatement (Second) of Torts in maritime products liability cases. *See, e.g., Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875 (1997); *Vickers*, 822 F.2d; *Pavlides v. Galveston Yacht Basin, Inc.*, 727 F.2d 330 (5th Cir. 1984); *Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457 (5th Cir. 1976). Other sections of this Court have followed suit. *See, e.g., Cargill, Inc. v. Degesch America*, *Inc.*, 875 F. Supp. 2d 667 (E.D. La. 2012); *Penn Maritime, Inc. v. Inc. v. Rhodes Elec. Servs., Inc.*, No. 11–02761, 2012 WL 3027937 (E.D. La. July 24, 2012); *Daigle v. L&L Marine Trans. Co.*, 322 F. Supp. 2d 717 (E.D. La. 2004). Moreover, by

4

applying the Restatement in maritime products liability cases, "the Court furthers the federal interest in establishing uniform rules of maritime law." *Transco Syndicate #1, LTD v. Bollinger Shipyards, Inc.*, 1 F. Supp. 2d 608 (E.D. La. 1998).

Section 402A provides as follows:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>> (a) the seller is engaged in the business of selling such a product, and
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The threshold inquiry under Section 402A is whether the defendant is a seller or manufacturer of the allegedly defective product.[1] *See* Schoenbaum, *Admiralty and Maritime Law* § 5–7 (5th ed. 2012); *Daigle*, 322 F. Supp. 2d at 727. Schat-Harding's third party demand does not allege that SEUSA sold, distributed or manufactured the switch at issue in this litigation. Instead,

---

[1] Although the Restatement only uses the term "seller," "manufacturers of defective products are also swept within its ambit." *Reyes v. Wyeth Labs.*, 498 F.3d 1264, 1272 n.10 (5th Cir. 1974); Restatement (Second) of Torts § 402A cmt. f.

5

Schat-Harding merely alleges that SEUSA distributes Telemecanique brand products throughout the United States. Because Schat-Harding has not alleged that SEUSA has any connection to the switch at issue in this litigation, beyond the fact that SEUSA happens to distribute similar switches, the third party demand necessarily fails to state a claim against SEUSA.

Schat-Harding asserts two arguments in opposition to dismissal, neither of which pertains to the merits of the Motion. First, Schat-Harding requests the Court stay ruling on the Motion pending the outcome of jurisdictional discovery. The Court declines to grant this request because the instant Motion addresses only the adequacy of Schat-Harding's pleading. Therefore, discovery could not possibly effect the outcome of this Motion. Second, Schat-Harding requests that any dismissal be without prejudice. The latter request is granted. Schat-Harding is granted leave to amend the third party demand within 30 days from the entry of this Order.

**CONCLUSION**

For the foregoing reasons, Schneider Electric, USA's Motion is Dismiss is **GRANTED** and Schat-Harding's claims against Schneider Electric, USA are **DISMISSED WITHOUT PREJUDICE**. Schat-Harding is granted leave to amend its third party demand within 30 days from the entry of this Order.

New Orleans, Louisiana, this 6th day of November, 2013.

                                             **JANE TRICHE MILAZZO**
                                      **UNITED STATES DISTRICT JUDGE**